## Ratliff v. Adkins.

(Decided May 2, 1911.)

### Appeal from Pike Circuit Court.

Equity Action—Judgment of Chancellor—Mind in Doubt—In an equitable action, where upon a careful consideration of the entire record, the mind is left in doubt, the judgment of the chancellor will not be disturbed.

CHILDERS & CHILDERS for appellant.

J. S. CLINE and J. H. ADKINS for appellee

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellee J. H. Adkins brought this action against appellant Henry Ratliff to recover the sum of $912.64, being the balance alleged to be due under a certain contract for the sale of a boundary of timber for which appellant agreed to pay at the rate of $3.50 per thousand feet, Scribner & Doyle rule of measurement. Appellant denied that there was anything due on the contract, and further pleaded that, by subsequent oral agreement, he and appellee agreed that 7x9 ties were to be estimated as containing 25 feet, and that measuring the timber upon this basis, he had paid for all he received. On motion the case was transferred to equity. An order was then entered referring the case to the master commissioner to hear proof and report what, if anything was due. After hearing proof the commissioner reported that there was due appellee the sum of $485.62. Both appellant and appellee excepted to the report. The court overruled appellee's exceptions, but sustained those of appellant. Judgment was then rendered for $201.00 in favor of appellee. From that judgment Ratliff has appealed, and Adkins has prosecuted a cross-appeal.

Appellant first insists that, as there was no reply filed to his answer pleading that he had paid appellee in full, and also pleading the subsequent oral contract by which he and appellee agreed that 7x9 ties were to be paid for at the rate of 25 feet each, he was entitled to judgment on the face of the pleadings. The original record as filed here did not contain the reply. Since then

the clerk of the Pike circuit court, in response to a writ of certiorari, has filed the reply as a part of the record. The reply is now before us, and contains a denial of the allegation contained in appellant's answer. That being true, appellant's contention is without merit.

The chancellor held that the proof did not justify the conclusion that there was an agreement between appellant and appellee to the effect that 7x9 ties should be paid for on the basis of 25 feet each. While appellee swears one way, and appellant the other, and appellant introduced two or three witnesses who claim to have heard appellee say that there was such an agreement, yet in view of the fact that appellant credited appellee on the basis of a larger number of feet in 7x9 ties, we can not say that the chancellor erred in his conclusion. It is not at all probable, if there had been such an agreement, that appellant would have been so liberal.

We find, upon an examination of the pleadings, that appellee filed an original and several amended petitions, all of which differ as to the amount which he claims to be due him. We also find that, in his testimony, he claims different amounts at different times. Nor is appellant's testimony any more satisfactory. Indeed, it is impossible to tell from the record before us how much is due. The case, therefore, falls within that line of cases holding that where, after a reading of the entire record, the mind is left in doubt, the judgment of the chancellor will not be disturbed. (Young Bros. & Co. v. Clayborn, 125 S. W., 712, and cases cited.)

Judgment affirmed.